IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW MCTIGUE, et al.       :
                              :
v.                            :   Civil Action No. WMN-02-1411
                              :
SEXTON CONTRACTORS, INC. et al. :
                              :

## MEMORANDUM

Before the Court are two motions for partial summary judgment, one filed by Defendants Sexton Contractors and Norman Sexton, Paper No. 19, and the other filed by John Campbell. Paper No. 21. Both motions are fully briefed and raise a single narrow issue, i.e., whether a plaintiff can bring a copyright infringement claim after the Copyright Office receives an application for copyright registration, but before it issues a certificate of registration.

The pertinent facts are undisputed. On December 13, 2001, Plaintiffs filed an application for the copyright on which they allege Defendants' conduct is infringing. Although Plaintiffs have supplied with their opposition to the instant motions a correspondence from the Copyright Office dated October 9, 2002, stating that "the application for copyright registration . . . was cleared for registration on September 20, 2002," there is no indication that the actual registration has occurred. Plaintiffs instituted this action on April 16, 2002. The original complaint has now been amended three times, the last time on October 17, 2002. Thus, the copyright application was yet to issue, even at

the time the Third Amended Complaint was deemed filed and, according to Defendants, for that reason, the copyright claims against them must be dismissed.  Plaintiffs argue that a pending copyright application is sufficient basis upon which to bring infringement claims.

Both sides cite decisions supporting their positions. Compare Dielsi v. Falk, 916 F.Supp. 985, 994 (C.D. Cal. 1996)("Once the Copyright Office receives Plaintiff's application, he can bring a claim for copyright infringment."), with Brush Creek Media, Inc. v. Boujakian, 2002 WL 1906620, *4 (N.D. Cal. August 19, 2002)(holding that "Plaintiff here cannot maintain his copyright infringement claim at this time because Plaintiff does not yet have a certificate of registration of copyright").  There is no binding authority on this issue in the Fourth Circuit.

Having reviewed the merits of both positions, the Court concludes, albeit with some reluctance, that an infringement claim cannot be brought prior to the actual registration of the copyright.  As the court noted in Brush Creek, "although the [opposing] line of cases is more appealing from an efficiency standpoint, the plain language of the statute forecloses copyright suits while a copyright application is pending and before the certificate of registration issues."  2002 WL 1906620 at *4.  See also, Ryan v. Carl Corp. 1998 WL 320817, *3 (N.D.

Cal. 1998) (finding plain language of Copyright Act precluded infringement action while application is pending and noting, "where Congress' intent is clear, the Court is not free to redraft statutes to make them more sensible or just").

Finding this reasoning most persuasive and that there is nothing additional that this Court can add to the discussion in Brush Creek and Ryan, the Court will grant the pending motions,[1] under the rationale presented in those decisions. A separate order will issue.

_____
William M. Nickerson
Senior United States District Judge

Dated: November 21, 2002

---

[1] While Defendants captioned their motions as motions for summary judgment, they are more in the nature of motions to dismiss the claims as premature. The dismissals should be without prejudice to Plaintiff to amend the complaint to include these claims, once the registration is issued.
  Defendants have also requested an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505. Given the unsettled nature of the law regarding the propriety of filing suit under these circumstances, the Court does not believe that such an award would be appropriate.