IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW MCTIGUE, et al.          :
                                 :
v.                               :   Civil Action No. WMN-02-1411
                                 :
SEXTON CONTRACTORS, INC. et al.  :
                                 :

**MEMORANDUM**

Defendant Sexton Contractors, Inc. (SCI) constructed a custom home for Plaintiffs in 2000/2001. This case arises out of Plaintiffs' claim that Defendants infringed upon the architectural plans used to construct that home by using those plans to build other homes that are substantially similar to Plaintiffs'. In addition to various copyright claims, Plaintiffs assert in their Third Amended Complaint two claims for breach of contract (Counts V and VI) and an unjust enrichment claim (Count VII). In the Third Amended Complaint, which is the most recent version of their complaint, Plaintiffs also included a claim against Sexton Contractors, LLC (Sexton LLC) under a theory of "alter ego liability," as well as a claim for copyright infringement against that entity.

On November 21, 2002, this Court issued a memorandum and order dismissing the copyright claims against Defendants SCI, Norman Sexton, and John Campbell, on the ground that Plaintiffs had yet to receive the actual registration for the allegedly infringed-upon copyright. The Court noted that the dismissals were "without prejudice to Plaintiffs to amend the complaint to include these

claims, once the registration is issued." November 21, 2002 Memo. at 3 n.1. By coincidence, on the same date that this Court issued its memorandum and order, Plaintiffs filed a motion for leave to file a surreply in opposition to the motion to dismiss, attaching a copy of the just-received copyright registration. Paper No. 34. Shortly thereafter, on December 2, 2002, Plaintiffs filed a motion asking the Court to reconsider its November 21, 2002 order, arguing that "because their certificate of registration was filed with the Court on November 21, 2002, this Court should therefore reconsider and vacate its November 21, 2002 ruling." Paper No. 37. Plaintiffs also stated in their motion for reconsideration that they would "promptly amend their pleadings to allege that they have received a Certificate of Registration," id. at 2, although they have yet to do so.

 Defendants oppose the motion for reconsideration arguing that, regardless of the fact that Plaintiffs now have a certificate of registration, the fact that they did not have one at the time that they filed suit divests this Court of jurisdiction. Defendants have also filed three different motions to dismiss. Defendants Barbara Sexton and Sexton LLC have filed a motion arguing that the Court should dismiss the copyright claims against them for the same reason as the Court dismissed those claims against Norman Sexton, John

Campbell and SCI. Paper No. 40.[1] Defendant Sexton LLC has filed a motion to dismiss all claims against it on the ground that it was not created until well after the events that gave rise to this suit and that there is no basis to impose liability on Sexton LLC for the acts of other Defendants. Paper No. 33. Finally, Norman and Barbara Sexton, SCI, and Sexton LLC have moved to dismiss the state law claims brought against them on the ground that, with the dismissal of the federal copyright claims, this Court lacks subject matter jurisdiction over the remaining claims.

The Court will deny the motion for reconsideration, as well as the various motions to dismiss. Now that Plaintiffs have received the certificate of copyright registration, the appropriate step would be for them to amend their complaint to reflect that registration. This is what the Court anticipated in its prior memorandum, see November 21, 2002 Memo. at 3 n.1, and this is what Plaintiffs indicated that they promptly would do. See Motion for Reconsideration at 2. This is also the course typically adopted by courts under similar circumstances. See, e.g. Bartell v. Onbank, Onbank & Trust Co., Civil Action No. 95-CV-1807, 1996 WL 421189 at *3 (N.D.N.Y. July 19, 1996) (opining that "the more prudent course of

---

[1] Barbara Sexton and Sexton LLC were not made parties in this suit until the filing of the third amended complaint, which was after the other Defendants filed their motion to dismiss the copyright claims.

3

action" is to deny defendants' motion to dismiss on the condition that plaintiffs file an amended complaint reflecting the registration of the copyrights at issue); Chuck Blore & Don Richman, Inc. v. 20/20 Adver., Inc., 674 F.Supp. 671, 673 (D. Minn. 1987) (holding that amended complaint filed after registration of works at issue cured fact that initial action was filed prior to their registration); Conan Properties, Inc. v. Mattel, Inc., 601 F.Supp. 1179, 1182 (S.D.N.Y. 1984) (amended copyright infringement complaint that fails to allege registration of copyrights can be cured by filing second amended complaint which includes a recitation that the registration requirement has been satisfied).

  The only remaining issue raised in the motions to dismiss that will not be resolved by an amendment to the complaint to reflect registration is Sexton LLC's argument that there is no basis to extend liability to this newly created entity.  The Court finds that it is premature to resolve the issues related to Sexton LLC's liability at this stage in the litigation.  While Defendants contend that the transfer of assets from a general partnership into an LLC "in no way avoids liability for prior liabilities," Mot. at 2, Plaintiffs observe that the transfer has the appearance of an attempt to shift liability from resting jointly on Norman and Barbara Sexton to resting solely on Norman Sexton.  As to the infringement claim, the Plaintiffs allege that the infringement is ongoing.

Accordingly, the Court will deny all of the pending motions but grant Plaintiffs' ten days to amend their complaint to reflect the registration of their copyrights. A
separate order will issue.

                                                       /s/

                                  William M. Nickerson
                                  Senior United States District Judge

Dated: April 28, 2003