IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MATTHEW AND PATRICIA MCTIGUE )<br>　Plaintiffs　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　v.　　　　　　　　　　　　　　) Civil Action No. WMN-02-CV-1411<br>　　　　　　　　　　　　　　　　　　　　　)<br>SEXTON CONTRACTORS, INC., et al　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>and　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>BARBARA SEXTON　　　　　　　　　　　　)<br>8701A Rocky Ridge Road　　　　　　　　　)<br>Rocky Ridge, Maryland 21778　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>and　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>SEXTON CONTRACTORS, LLC　　　　　　 )<br>8701A Rocky Ridge Road　　　　　　　　　)<br>Rocky Ridge, Maryland 21778　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants　　　　　　　　　　)| |

******************************************************************************

## ~~THIRD~~FOURTH AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES

Matthew and Patricia McTigue (hereinafter "Plaintiffs"), by their undersigned attorneys, bring this ~~Third~~Fourth Amended Complaint alleging copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., unjust enrichment, and breach of contract, seeking a permanent injunction and damages.

**JURISDICTION AND VENUE**

1.　　This Court has jurisdiction of this action under 17 U.S.C. §§ 101, et seq., 28 U.S.C. §§ 1331, 1338(a), and 1367. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

2. Plaintiffs Matthew and Patricia McTigue are residents of Washington County, Maryland.

3. Defendant Sexton Contractors ("Sexton Contractors") is a Maryland unincorporated business with its principal place of business in Frederick County, Maryland. Upon information and belief, Sexton Contractors operates as a partnership and is owned by Norman and Barbara Sexton. Defendants Norman H. Sexton and Barbara Sexton (the "Sextons") are residents of Frederick County, Maryland.

4. Upon information and belief, Defendant Sexton Contractors, LLC (the "LLC") is a Maryland limited liability company formed by the Sextons on August 15, 2002, during this litigation. Upon information and belief, the Sextons have begun to operate Sexton Contractors through the LLC, transferring all assets and business operations to the LLC for the purpose of avoiding potential liability to the Plaintiffs.

5. Defendant John Campbell is a real estate agent engaged in a business in Frederick and Washington Counties in Maryland.

## FACTUAL BACKGROUND

6. Plaintiffs incorporate the allegations set forth in Paragraphs 1-5 of this ~~Third~~Fourth Amended Complaint as if fully set forth herein.

7. Plaintiffs own a custom home in Boonsboro, Maryland at 6133 Vantage Court (the "Home"). On January 12, 2000, Plaintiffs entered into a contract with Norman and Barbara Sexton, d/b/a Sexton Contractors for the purchase and construction of the Home (the "Construction Contract"). They also entered a Land Sale Contract with Sexton Contractors on

January 7, 2000. Defendant John Campbell served as the Plaintiffs' agent on this contract. However, Defendant Campbell served as the agent of Defendant Sexton Contractors on the Construction Contract. Under these agreements, Sexton Contractors was to sell the Plaintiffs a lot and construct a house on the lot.

8. On April 19, 2000, prior to the commencement of construction, the Plaintiffs requested an amendment to the Construction Contract. The amendment stated that the Plaintiffs would use their own plans for the construction of a custom, two-story house. Accordingly, the "Reynolds" model home that the parties had originally agreed to erect on the lot was never built. Instead, the Plaintiffs worked with a separate company, Caddworks, Inc. ("Caddworks") to create architectural plans for the Home (the "Plans"). Plaintiffs and Caddworks worked together to create the Plans.

9. The Plans constitute original works of authorship, and they are subject to copyright protection. Plaintiffs are the owners of the copyright in the Plans. Plaintiffs constitute the authors of the Plans.

10. The amended Construction Contract with Sexton Contractors stated that Sexton Contractors would use the Plans to create a custom home for the Plaintiffs.

11. Caddworks gave Sexton Contractors a copy of the Plans on or about May 15, 2000. At all times thereafter, the Defendants have possessed a copy of the Plans. Plaintiffs permitted Caddworks to give Sexton Contractors a copy of the Plans with the understanding that Sexton Contractors would use the Plans only to build the Home, and that the Plans would not be used for any other purpose.

12.     On November 15, 2001, Plaintiffs entered a written agreement with Caddworks stating that Caddworks transferred all right, title, interest, and status it might have as owner of the copyright in the Plans irrevocably to the Plaintiffs.  On December 13, 2001, Plaintiffs filed with the U.S. Copyright Office an application to register the copyright in the Plans.  On November 19, 2002, Plaintiffs obtained a certificate of registration regarding the copyright in the Plans.  See Exhibit A (Certificate of Registration~~orrespondence with the U.S. Copyright Office~~).  The Certificate of Registration reflects that the effective date of registration is December 14, 2001.

13.     Defendant Sexton Contractors began construction of the Home in June 2000.  Defendant Sexton Contractors completed the Home in November, 2000.  The Plaintiffs took occupancy of the Home on November 11, 2000.  The Plaintiffs paid Sexton Contractors $267,235.00 for the Home.

14.     During the construction process for the Home, Defendant Campbell worked closely with the Plaintiffs.  Defendant Campbell was aware that Caddworks was to work with the Plaintiffs to create with plans for a custom home, without involvement in the design process by the Defendants.

15.     During the construction process, the Plaintiffs learned that Defendant Sexton Contractors was constructing other houses that were substantially similar to the Home.  In June, 2000, the Plaintiffs observed Sexton Contractors constructing a house in the Plaintiffs' neighborhood that was substantially similar to the Home.  The Plaintiffs confronted Sexton Contractorsand Campbell regarding the obvious similarity, and Defendant Sexton Contractors

promised to make changes to the new construction in order to preserve the distinctive characteristics of the Home. The Defendants did not do so.

16.  In fact, Defendants have continued copying and/or otherwise using the Plans in the construction of additional new homes. Defendants also continue to construct additional new homes that are substantially similar to the Home. The sale price of these new homes is between $285,000.00 and $300,000.00. Defendant Sexton Contractors earns a significant profit on each house constructed using the Plans. Upon information and belief, Defendant Campbell earns a significant commission on each house constructed using the Plans.

17.  Further, Defendant Campbell used an actual photograph of the Home in newspaper advertisements prominently featuring the name of Sexton Contractors and a photograph of himself. The photograph was used without the Plaintiffs' permission, and it used the Plaintiffs' Home as a "photo likeness" of the homes that the Defendants offered for sale.

18.  Plaintiffs demanded that the Defendants cease and desist from the use of its copyrighted Plans on or about November 28, 2001.

19.  Defendants ignored Plaintiffs' demand, and have since continued advertising constructing houses that are substantially similar to the Home.

20.  Defendants have violated and/or contributed to the violation of Plaintiffs' copyright in the Plans, have converted the Plans, and have been unjustly enriched as a result of their use of the Plans. Defendants have also breached the Construction Contract with Plaintiffs in two respects. As a direct result of Defendants' actions, Plaintiffs have suffered significant economic damages.

## COUNT I

### (Copyright Infringement – Defendants Norman and Barbara Sexton)

21.     Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 20, inclusive, and incorporate them by this reference herein.

22.     By means of the actions complained of herein, Norman and Barbara Sexton have infringed and will continue to infringe Plaintiffs' copyright in and relating to the Plans by copying and/or otherwise using the Plans, and by producing, distributing, and placing upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans.

23.     Norman and Barbara Sexton's infringement upon Plaintiffs' copyright has been and continues to be willful.  Alternatively, Norman and Barbara Sexton's infringement was negligent and/or non-willful.

24.     Plaintiffs have suffered damages as a result of Norman and Barbara Sexton's infringement.

WHEREFORE, pursuant to 17 U.S.C. § 101, et. seq., Plaintiffs request that this Court

(a) issue a permanent injunction enjoining Norman and Barbara Sexton, and all persons acting in concert with them, from (1) engaging in further such acts in violation of the copyright laws and (2) using the Plans, or any part or derivation of them;

(b) order the Sextons to return the Plans and any architectural drawings, plans, or sketches derived from the Plans;

(c) award Plaintiffs all relief set forth within 17 U.S.C. §§ 502, 503, and 504 including, without limitation, damages in the amount of One Million Dollars ($1,000,000.00), statutory damages, the Plaintiffs' attorneys' fees, the costs of this action, and post-judgment interest.

## COUNT II

### (Copyright Infringement – Defendant Sexton Contractors)

24. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 23, inclusive, and incorporate them by this reference herein.

25. By means of the actions complained of herein, Defendant Sexton Contractors, its agents, servants and/or employees have infringed and will continue to infringe Plaintiffs' copyright in and relating to the Plans by copying and/or otherwise using the Plans, and by producing, distributing, and placing upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans. Specifically, Plaintiffs allege on information and belief that the Defendants are continuing to infringe on Plaintiffs' copyrights through the Defendant LLC.

26. Defendant Sexton Contractors's infringement upon Plaintiffs' copyright has been and continues to be willful. Alternatively, Defendant Sexton Contractors's infringement has been and continues to be negligent and/or non-willful.

27. Plaintiffs have suffered damages as a result of Sexton Contractors's infringement.

WHEREFORE, pursuant to 17 U.S.C. § 101, et. seq., Plaintiffs request that this Court:

(a) issue a permanent injunction enjoining Sexton Contractors, its officers,

employees and agents, and all persons acting in concert with it, from (1) engaging in further such acts in violation of the copyright laws and (2) using the Plans, or any part or derivation of them;

(b) order Sexton Contractors to return the Plans and any architectural drawings, plans, or sketches derived from the Plans;

(c) award Plaintiffs all relief set forth within 17 U.S.C. §§ 502, 503, and 504 including, without limitation, damages in the amount of One Million Dollars ($1,000,000.00), statutory damages, the Plaintiffs' attorneys' fees, the costs of this action, and post-judgment interest.

## COUNT III

**(Contributory Copyright Infringement – Defendants Norman and Barbara Sexton)**

28. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 27, inclusive, and incorporate them by this reference herein.

29. Defendants Norman and Barbara Sexton contributed to the infringement committed by Sexton Contractors, by, with knowledge of the infringing activity of Sexton Contractors, inducing, causing, and/or materially contributing to the infringing activity set forth above.

30. By means of the actions complained of herein, Defendants Norman and Barbara Sexton have infringed and will continue to infringe Plaintiffs' copyright in and relating to the Plans by copying the Plans, and/or producing, distributing, and placing upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans.

31. Defendant Norman and Barbara Sexton's infringement upon Plaintiffs' copyright has been and continues to be willful. Alternatively, Defendants Norman and Barbara Sexton's infringement has been and continues to be negligent and/or non-willful.

32. Plaintiffs have suffered damages as a result of Defendants Norman and Barbara Sexton's contributory infringement.

WHEREFORE, pursuant to 17 U.S.C. § 101, et. seq., Plaintiffs request that this Court

(a) issue a permanent injunction enjoining Defendants Norman and Barbara Sexton, and all persons acting in concert with them, from (1) engaging in further such acts in violation of the copyright laws and (2) using the Plans, or any part or derivation of them;

(b) order Defendants Norman and Barbara Sexton to return the Plans and any architectural drawings, plans, or sketches derived from the Plans;

(c) award Plaintiffs all relief set forth within 17 U.S.C. §§ 502, 503, and 504 including, without limitation, damages in the amount of One Million Dollars ($1,000,000.00), statutory damages, the Plaintiffs' attorneys' fees, the costs of this action, and post-judgment interest.

## COUNT IV

**(Contributory Copyright Infringement - Defendant Sexton Contractors)**

33. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 32, inclusive, and incorporate them by this reference herein.

34. Defendant Sexton Contractors, its agents, servants and/or employees, contributed to the infringement committed by Norman and Barbara Sexton, by, with knowledge

of the infringing activity of Norman and Barbara Sexton, inducing, causing, and/or materially contributing to the infringing activity set forth above.

35. By means of the actions complained of herein, Sexton Contractors has infringed and will continue to infringe Plaintiffs' copyright in and relating to the Plans by copying the Plans, and/or producing, distributing, and placing upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans.

36. Sexton Contractors's infringement upon Plaintiffs' copyright has been and continues to be willful. Alternatively, Defendants Norman and Barbara Sexton's infringement has been and continues to be negligent and/or non-willful.

37. Plaintiffs have suffered damages as a result of Sexton Contractors's contributory infringement.

WHEREFORE, pursuant to 17 U.S.C. § 101, et. seq., Plaintiffs request that this Court

(a) issue a permanent injunction enjoining Sexton Contractors, and all persons acting in concert with it, from (1) engaging in further such acts in violation of the copyright laws and (2) using the Plans, or any part or derivation of them;

(b) order Sexton Contractors to return the Plans and any architectural drawings, plans, or sketches derived from the Plans;

(c) award Plaintiffs all relief set forth within 17 U.S.C. §§ 502, 503, and 504 including, without limitation, damages in the amount of One Million Dollars ($1,000,000.00), statutory damages, the Plaintiffs' attorneys' fees, the costs of this action, and post-judgment interest.

## **COUNT V**

**(Breach of Contract – Defendant Sexton Contractors)**

38. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 37, inclusive, and incorporate them by this reference herein.

39. Sexton Contractors's duties under the Construction Contract required Sexton Contractors to install a driveway for the Home.

40. Sexton Contractors installed the driveway in a manner that did not substantially conform to the Construction Contract, because the grade and contour of the driveway causes vehicles to scrape their undercarriages, damaging the driveway and the vehicles. Larger and heavier vehicles have difficulty using the driveway at all. Plaintiffs demanded that Sexton Contractors repair the driveway, but Sexton Contractors refused to do so.

41. Sexton Contractors failed to substantially perform its duties under the Construction Contract.

42. Plaintiffs have suffered financial injuries as a direct result of Sexton Contractors's breach of contract.

WHEREFORE, Plaintiffs demand judgment against Sexton Contractors in the amount of Thirty Thousand Dollars ($30,000.00), plus interest, costs, and any and all other relief to which this Court finds them entitled.

## COUNT VI

### (Breach of Contract – Defendant Sexton Contractors)

43. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 42, inclusive, and incorporate them by this reference herein.

44. Sexton Contractors's duties under the amended Construction Contract required Sexton Contractors to build a custom home for Plaintiffs.

45. Sexton Contractors built a home that did not substantially conform to the amended Construction Contract, because, both prior to and after the date that the Home was delivered to Plaintiffs, other homes were and are being advertised and constructed that are substantially similar to the Home. Plaintiffs demanded that Sexton Contractors cease and desist from this practice, but Sexton Contractors refused.

46. Sexton Contractors failed to substantially perform its duties under the Construction Contract.

47. Plaintiffs have suffered financial injuries as a direct result of Sexton Contractors's breach of contract.

WHEREFORE, Plaintiffs demand judgment against Sexton Contractors in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest, costs, and any and all other relief to which this Court finds them entitled.

## COUNT VII

### (Unjust Enrichment – Sexton Contractors)

48. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 47, inclusive, and incorporate them by this reference herein.

49. No agreement exists between Plaintiffs and Sexton Contractors granting permission for Sexton Contractors to copy and/or otherwise use the Plans, and/or to produce, distribute, and place upon the market products or portions thereof which were copied or derived from the Plaintiffs' copyrighted Plans.

50. By means of the actions complained of herein, Sexton Contractors, its agents, servants and/or employees have copied and/or otherwise used the Plans, and produced, distributed, and placed upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans, thereby conferring a benefit upon Sexton Contractors.

51. Sexton Contractors is aware of, and has knowledge of, the benefit conferred upon it by its unauthorized copying and/or other use of the Plans.

52. Sexton Contractors's acceptance and retention of the benefits of its unauthorized use and/or copying of the Plans while aware that no agreement existed for that copying and/or use makes it inequitable for Sexton Contractors to retain this benefit without payment of its value.

WHEREFORE, Plaintiffs demand judgment against Sexton Contractors in the amount of One Million Dollars ($1,000,000.00), plus interest, costs, and any and all other relief to which this Court finds them entitled.

### COUNT VIII

**(Contributory Copyright Infringement - Defendant Campbell)**

53. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 52, inclusive, and incorporate them by this reference herein.

54. Defendant Campbell contributed to the infringement committed by Sexton Contractors, by, with knowledge of the infringing activity of Sexton Contractors, inducing, causing, and/or materially contributing to the infringing activity set forth above.

55. By means of the actions complained of herein, the Defendants have infringed and will continue to infringe Plaintiffs' copyright in and relating to the Plans by copying the Plans, and/or producing, distributing, and placing upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans.

56. The Defendants' infringement upon Plaintiffs' copyright has been and continues to be willful. Alternatively, Defendant Campbell's contributory infringement was negligent and/or non-willful.

57. Plaintiffs have suffered damages as a result of Campbell's contributory infringement.

WHEREFORE, pursuant to 17 U.S.C. § 101, et. seq., Plaintiffs request that this Court

(a) issue a permanent injunction enjoining Campbell, and all persons acting in concert with him, from (1) engaging in further such acts in violation of the copyright laws and (2) using the Plans, or any part or derivation of them;

(b) order Campbell to return the Plans and any architectural drawings, plans, or sketches derived from the Plans;

(c) award Plaintiffs all relief set forth within 17 U.S.C. §§ 502, 503, and 504 including, without limitation, damages in the amount of One Million Dollars ($1,000,000.00), statutory damages, the Plaintiffs' attorneys' fees, the costs of this action, and post-judgment interest.

## COUNT IX

(Alter Ego Liability—Defendant Sexton Contractors, LLC)

58. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporate them by this reference herein.

59. On August 15, 2002, in the middle of this litigation, Defendants Norman and Barbara Sexton converted their partnership, Sexton Contractors, into a Maryland limited liability company bearing virtually the same name: Sexton Contractors, LLC. In its Articles of Organization, the new organization states that its purpose is "custom home building," which is the same business that Defendant Sexton Contractors has been involved in for a number of years. The address of the LLC is the same as the old partnership, which is also the home address of Norman and Barbara Sexton. These two individuals signed the Plaintiffs construction

contract as "Sexton Contractors."  They filed Articles of Organization on behalf of the LLC, and they are the resident agent of the LLC.

60. Upon information and belief, Defendants Norman and Barbara Sexton are using the LLC to avoid their personal obligations to the Plantiffs.

61. Plaintiffs would be damaged by this effort to hide assets to avoid liability for copyright infringement, and it would be inequitable not to find that the LLC is the alter ego of the Defendants Norman and Barbara Sexton.

62. Upon information and belief, the ownership of the partnership and/or sole proprietorship known as Sexton Contractors and the ownership of the LLC is the same.

WHEREFORE, Plaintiffs request that this Court enjoin Defendants Norman and Barbara Sexton and/or Sexton Contractors from transferring any assets whatsoever to the LLC or to conduct any business of Defendant Sexton Contractors through the LLC.  Further, Plaintiffs request that this Court disregard the form of the entity known as Sexton Contractors, LLC and hold the LLC as liable as the Defendants Norman and Barbara Sexton for the acts of infringement of the Defendants.

## COUNT X

**(Copyright Infringement – Defendant Sexton Contractors, LLC)**

63. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 62, inclusive, and incorporate them by this reference herein.

64. By means of the actions complained of herein, the Defendant LLC, servants and/or employees have infringed and will continue to infringe Plaintiffs' copyright in and relating

to the Plans by copying and/or otherwise using the Plans, and by producing, distributing, and placing upon the market products or portions thereof which were copied or derived from Plaintiffs' copyrighted Plans.

65.  The Defendant LLC's infringement has been and continues to be willful. Alternatively, the Defendant LLC's infringement was negligent and/or non-willful.

66.  Plaintiffs have suffered damages as a result of the Defendant LLC's infringement.

WHEREFORE, pursuant to 17 U.S.C. § 101, et. seq., Plaintiffs request that this Court

(a)  issue a permanent injunction enjoining the Defendant LLC, and all persons acting in concert with it, from (1) engaging in further such acts in violation of the copyright laws and (2) using the Plans, or any part or derivation of them;

(b)  order the Defendant LLC to return the Plans and any architectural drawings, plans, or sketches derived from the Plans;

(c)  award Plaintiffs all relief set forth within 17 U.S.C. §§ 502, 503, and 504 including, without limitation, damages in the amount of One Million Dollars ($1,000,000.00), statutory damages, the Plaintiffs' attorneys' fees, the costs of this action, and post-judgment interest.

_____/s/_____
David S. Greber
Federal Bar No. 11856


_____/s/_____
Stephen S. Burgoon

                                                Federal Bar No. 22207  
                                                Greber & Burgoon, P.C.  
                                                8 East 2nd Street  
                                                Frederick, Maryland 21701  
                                                (301) 696-9396  
                                                Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th ~~16th~~ day of May~~September~~, 2003~~2~~, a copy of this ~~Third~~Fourth Amended Complaint for Permanent Injunction and Damages which was electronically filed in this case on May 8, 2003, was served by First Class U.S. Mail on Steven E. Leder, Esq., Niles, Barton & Wilmer, LLP, 111 South Calvert Street, Baltimore, MD 21202-6185, Counsel for the Sexton Defendants and John Campbell 9001 Hawbottom Road, Middletown, Maryland 21769.

_____/s/_____
Stephen S. Burgoon