IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **MATTHEW AND PATRICIA MCTIGUE** | * | |
| **Plaintiffs** | * | |
| vs. | * | Case No.: WMN-02-CV-1411 |
| **SEXTON CONTRACTORS,** *et al.* | * | |
| **Defendants** | * | |

*******

## ANSWER TO FOURTH AMENDED COMPLAINT

The Defendant John Campbell, by Matthew B. Ruble, and Bethamy N. Beam, his attorneys, responds answering the Plaintiffs' Fourth Amended Complaint.

1. Mr. Campbell is without knowledge as to the truth of the legal conclusions contained in Paragraph 1.

2. Mr. Campbell admits the averments of Paragraph 2.

3. Mr. Campbell is without knowledge as to the truth of the averments of Paragraph 3.

4. Mr. Campbell is without knowledge as to the truth of the averments of Paragraph 4.

5. Mr. Campbell admits the averments of Paragraph 5.

6. Prior responses incorporated.

7. Regarding Paragraph 7, Mr. Campbell admits that the Plaintiffs own a home at 6133 Vantage Court in Boonsboro, admits the existence of Contracts between or among the parties dated as alleged, and asserts that the Contracts speak for themselves with respect to the parties' rights, duties, and obligations. Any remaining averments of Paragraph 7 are denied.

8. Mr. Campbell admits that there were plans revised and printed by Caddworks and states that the terms of the Contracts among the Plaintiffs, Sexton Contractors, and Caddworks speak for themselves. Mr. Campbell denies that the Plaintiffs' home was built from unique or original plans entitled to copyright protection.

9. The averments of Paragraph 9 are denied.

10. Mr. Campbell admits that there was an amendment to the Contract and states that the Contract between Sexton Contractors and the Plaintiffs speaks for itself.

11. Mr. Campbell is without knowledge as to the truth of the averments of Paragraph 11.

12. Mr. Campbell admits that a purported Certificate of Registration regarding the alleged copyright in the Plans is attached to the Fourth Amended Complaint, denies that the Plaintiffs' house was built from original or unique plans entitled to copyright protection, and is without knowledge as to truth of the remaining averments of Paragraph 12.

13. Mr. Campbell is without knowledge as to the truth of the averments of Paragraph 13.

14. Mr. Campbell admits that he worked diligently in connection with the project as agent for Sexton Contractors, and denies the remaining averments of Paragraph 14.

15. Mr. Campbell is without knowledge as to when and what the Plaintiffs learned and observed as averred in Paragraph 15. Mr. Campbell admits that the Plaintiff called him and said that another home was being built by Sexton Contractors similar to the Plaintiffs' house, and denies the remaining averments of Paragraph 15.

16. Mr. Campbell admits only that he has acted as seller's agent for other projects in which Sexton Contractors has been the seller and has earned a commission on such transactions; the remaining averments of Paragraph 16 are denied.

17. The averments of Paragraph 17 are admitted, except that it is denied that the photograph was used without the Plaintiffs' permission.

18. Mr. Campbell admits receiving such request from the Plaintiffs as averred in Paragraph 18, but denies that the Plaintiffs have any right to make such demand.

19. Mr. Campbell denies that he ignored the Plaintiffs, and is without knowledge as to whether other properties concerning which he has acted as a real estate agent would be considered to be substantially similar to the Plaintiffs'. Mr. Campbell admits that there are dozens of homes constructed by dozens of different builders in this area which appear quite similar to the Plaintiffs' house.

20. The averments of Paragraph 20 are denied.

21. The averments of Paragraphs 21 through 52 are directed at other Defendants, and therefore a response is not required by Mr. Campbell. To the extent any response is required from Mr. Campbell to Paragraphs 21 through 52, the averments of such paragraphs are denied.

22. Regarding Paragraph 53, Mr. Campbell's prior responses are incorporated.

23. The averments of Paragraphs 54 through 57 are denied.

24. The averments of Paragraphs 58 through 66 are directed at other Defendants, and therefore a response is not required by Mr. Campbell. To the extent any response is required from Mr. Campbell to Paragraphs 58 through 66, the averments of such paragraphs are denied.

### First Defense

The Fourth Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

### Second Defense

Mr. Campbell generally denies any liability to the Plaintiffs as alleged.

### Third Defense

Mr. Campbell did not commit the wrongs alleged.

### Fourth Defense

Contributory negligence.

### Fifth Defense

Assumption of risk.

### Sixth Defense

Limitations.

### Seventh Defense

Laches.

### Eighth Defense

The alleged copyright of the plans at issue is limited to the plans themselves and does not give the possessor of said plans the exclusive right to build the building or structures embodied in the plans.

### Ninth Defense

The alleged copyright only extends, if at all, to added design and/or materials, and not to any pre-existing design and/or materials.

**Tenth Defense**

The designs at issue were utilized in homes that were constructed or otherwise published before December 1, 1990 and, therefore, cannot be properly registered under Title 17.

**Eleventh Defense**

The plans at issue lack originality.

**Twelfth Defense**

The Plaintiffs claims are barred by the Fair Use Doctrine.

**Thirteenth Defense**

Norman Sexton t/a Sexton Contractors was the owner and/or author of the completed plans under the works for hire doctrine. Plaintiffs' alleged copyright is, therefore, invalid.

**Fourteenth Defense**

Sexton Contractors' subsequent homes were independent creations and did not infringe upon Plaintiffs' alleged copyright.

**Fifteenth Defense**

Plaintiffs failed to obtain the proper registration of the copyright and, therefore, cannot bring a copyright infringement action.

**Sixteenth Defense**

Waiver.

**Seventeenth Defense**

Defendants had an implied non-exclusive license to use the Plans.

WHEREFORE, having fully answered, Mr. Campbell respectfully requests that the relief requested by the Plaintiffs be denied, and that Mr. Campbell be granted such other and further relief as the nature of his cause might require.

### JURY TRIAL DEMAND

Mr. Campbell requests a jury trial in this matter.

Respectfully submitted,

/s/
Matthew B. Ruble
Federal Bar No. 01114
Bethamy N. Beam
Federal Bar No. 26025
One West Church Street
Frederick, MD 21701
301-698-5000

Attorneys for Defendant John Campbell

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2003, a copy of the forgoing Answer to Fourth Amended Complaint was electronically filed with the U.S. District Court for the District of Maryland.

/s/
Matthew B. Ruble